A CERTIFIED TRUE COPY

ATTEST
FOR THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FILED   CLERK'S OFFICE
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JAN -5 2007

FILED
CLERK'S OFFICE

JAN 0 8 2007
JAMES N. HATTEN, CLERK
By _____ Deputy Clerk

*RELEASED FOR PUBLICATION*

**DOCKET NO. 1804**

# BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

## IN RE STAND 'N SEAL PRODUCTS LIABILITY LITIGATION

**BEFORE WM. TERRELL HODGES, CHAIRMAN, D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, JR., KATHRYN H. VRATIL, D DAVID R. HANSEN AND ANTHONY J. SCIRICA, JUDGES OF THE PANEL**

UNITED STATES DISTRICT COURT
DENVER, COLORADO

JAN 17 2007

GREGORY C. LANGHAM
CLERK

06-CV-01485-MSK-MJW

## TRANSFER ORDER

This litigation currently consists of eleven actions listed on the attached Schedule A and pending in eight districts as follows: three actions in the Western District of Texas, two actions in the Western District of Kentucky, and one action each in the District of Colorado, the Middle District of Florida, the Southern District of Florida, the Northern District of Georgia, the Northern District of Iowa, and the Eastern District of New York.[1] The docket's five corporate defendants[2] move the Panel, pursuant to 28 U.S.C. § 1407, for an order centralizing the litigation in the Northern District of Georgia or, alternatively, in the Northern District of Iowa. Plaintiffs in the Western District of Texas, District of Colorado, and Western District of Kentucky actions support (or do not oppose) centralization, but argue in favor of the Western District of Texas as transferee forum. Plaintiffs in the Southern District of Florida and Northern District of Georgia actions oppose transfer of their actions before resolution of their pending motions for remand to state court. In the event that the remand motions are denied, these plaintiffs would not object to transfer to the Western District of Texas.

On the basis of the papers filed and hearing session held, the Panel finds that the actions in this litigation involve common questions of fact, and that centralization under Section 1407 in the Northern District of Georgia will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. Each of the actions raises allegations that plaintiffs suffered injuries resulting from their use of Tile Perfect Stand 'n Seal "Spray-On" Grout Sealer Centralization under Section 1407 is necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary Any pending motions for remand to state court, if not resolved by the time of Section 1407 transfer, can be presented to and decided by the transferee judge  See In re Ivy, 901 F.2d 7 (2d Cir 1990);

---

[1] The Panel has been notified of two additional related actions pending in the Western District of Arkansas and the Middle District of Florida, respectively. These actions and any other related actions will be treated as potential tag-along actions  See Rules 7 4 and 7 5, R P J P M L , 199 F R D  425, 435-36 (2001)

[2] Roanoke Companies Group, Inc., SLR, Inc , Aerofil Technology, Inc., Innovative Chemical Technologies, Inc ; and the Home Depot U S A , Inc

- 2 -

*In re Prudential Insurance Company of America Sales Practices Litigation*, 170 F.Supp.2d 1346, 1347-48 (J.P.M.L. 2001).

Given the nationwide scope of this litigation and the parties' representations that additional related actions are likely to be filed, no single forum stands out as a transferee district choice. We conclude that the Northern District of Georgia is an appropriate transferee forum in this docket for the following reasons: i) one of the eleven actions is already pending in that district; ii) the district is in an easily accessible location; and iii) two of the five corporate defendants have their principal places of business in that district, and thus witnesses and documents relevant to plaintiffs' claims are likely to be located there.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the Northern District of Georgia are transferred to the Northern District of Georgia and, with the consent of that court, assigned to the Honorable Thomas W. Thrash, Jr., for coordinated or consolidated pretrial proceedings with the action pending in that district and listed on Schedule A.

FOR THE PANEL:

Wm. Terrell Hodges
Chairman

ATTEST: A TRUE COPY
CERTIFIED THIS

JAN 1 7 2007

James N Hatten, Clerk
By: _____
Deputy Clerk

- 3 -

## SCHEDULE A

MDL-1804 -- In re Stand 'n Seal Products Liability Litigation

### District of Colorado

*Erika Wong v Roanoke Companies Group, Inc , et al.*, C.A. No. 1·06-1485

### Middle District of Florida

*Emily Willis, etc. v Home Depot U S.A., Inc , et al.*, C.A. No. 8:06-745

### Southern District of Florida

*Gerald Williams v Roanoke Companies Group, Inc , et al*, C.A. No. 0:06-60926

### Northern District of Georgia

*James Flynn, et al. v Roanoke Companies Group, Inc , et al.*, C.A. No. 1 06-1809

### Northern District of Iowa

*Patricia Kayser, etc. v. Home Depot U S A , Inc , et al*, C.A. No. 2.06-1006

### Western District of Kentucky

*Colby Norris v. Color Caulk, et al*, C.A. No. 1:06-89
*Michael Lenhart v. Roanoke Companies Group, Inc., et al.*, C.A. No 3.06-383

### Eastern District of New York

*Christopher Szczepanski, et al v Roanoke Companies Group, Inc., et al ,*
   C A. No 2:06-3213

### Western District of Texas

*Katherine Stolte v Roanoke Companies Group, Inc , et al*, C.A. No. 5:05-1013
*David Koehler, et al v Roanoke Companies Group, Inc , et al*, C A No 5 06-556
*Julia C. Lilley v. Roanoke Companies Group, Inc , et al*, C.A. No 5:06-643